Scott C. Clarkson, Esq. (SBN. 143271)
Eve A. Marsella, Esq. (SBN. 165797)
Christine M. Fitzgerald, Esq. (SBN. 259014)
Clarkson, Gore & Marsella, APLC
3424 Carson Street, Suite 350
Torrance, California 90503
Telephone: 310/542-0111
Facsimile: 310/214-7254
Email: sclarkson@lawcgm.com

Counsel for Defendant Eclipse Healthcare Consulting, Inc.

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>AXIUM INTERNATIONAL, INC.,<br><br>Debtor. | Case No. 2:08-bk-10277-BB<br><br>Jointly Administered with Case No: 2:09-bk-10376-BB and Substantially Consolidated<br><br>Jointly Administered with Case No: 2:09-bk-10377-BB and Substantially Consolidated |
| In re:<br><br>DIVERSITY MSP, INC.,<br><br>Debtor. | Chapter 7<br><br>Adv. No. 2:09-ap-02912-BB<br><br>FIRST AMENDED RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES FILED BY DEFENDANT ECLIPSE HEALTHCARE CONSULTING, INC. |
| HOWARD M. EHERNBERG, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>ECLIPSE HEATHCARE CONSULTING, INC., a Michigan corporation,<br><br>Defendant. | Status Conference Hearing<br><br>DATE:   March 18, 2010<br>TIME:   11:00 a.m.<br>PLACE:  Courtroom 1475 |

In response to the complaint filed by Howard M. Ehernberg, Chapter 7 Trustee of the Jointly Administered Cases of Axium International, Inc. and Diversity MSP, Inc., as Plaintiff

("Plaintiff"), against Defendant Eclipse Heathcare Consulting, Inc., ("Defendant" or "Eclipse"), Defendant admits, denies, and alleges as follows:

1. Eclipse admits the allegations contained in paragraph 1 of the Complaint.

2. Eclipse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3. Eclipse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies the same.

4. Eclipse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5. Eclipse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6. Eclipse is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7. Eclipse admits only that it has done business in the State of California. Eclipse denies that is it incorporated in the State of Washington. Eclipse is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. Eclipse denies the allegations contained in paragraph 8 of the Complaint.

9. Eclipse incorporates by reference as if fully stated herein its responses to paragraphs 1 through 8.

10. Eclipse denies the allegations contained in paragraph 10 of the Complaint.

11. Eclipse denies the allegations contained in paragraph 11 of the Complaint.

12. Eclipse denies the allegations contained in paragraph 12 of the Complaint.

13. Eclipse denies the allegations contained in paragraph 13 of the Complaint.

14. Eclipse denies the allegations contained in paragraph 14 of the Complaint.

15. Eclipse denies the allegations contained in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states legal conclusions which do not require a response from Eclipse. To the extent that a response is necessary, Eclipse denies the allegations

**FIRST AMENDED RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES**

1 contained in paragraph 16 of the Complaint.

2     17.    Eclipse incorporates by reference as if fully stated herein its responses to
3 paragraphs 1 through 16.

4     18.    Paragraph 18 of the Complaint states legal conclusions which do not require a
5 response from Eclipse. To the extent that a response is necessary, Eclipse denies the allegations
6 contained in paragraph 18 of the Complaint.

7     19.    Eclipse incorporates by reference as if fully stated herein its responses to
8 paragraphs 1 through 16.

9     20.    Paragraph 20 of the Complaint states legal conclusions which do not require a
10 response from Eclipse. To the extent that a response is necessary, Eclipse denies the allegations
11 contained in paragraph 20 of the Complaint.

12     21.    Eclipse incorporates by reference as if fully stated herein its responses to
13 paragraphs 1 through 16.

14     22.    Eclipse denies the allegations contained in paragraph 22 of the Complaint.

15     23.    Eclipse denies the allegations contained in paragraph 23 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

24. The Complaint fails to state facts sufficient to state a cause of action against the responding Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Barred by Statutes of Limitations)

25. The Claims for Relief, and each of them, are barred by all applicable statutes of limitations, both federal and state.

## THIRD AFFIRMATIVE DEFENSE

(Safe Harbor/Good Faith Exceptions)

26. The Claims for Relief, and all of them, are barred by all Safe Harbor/Good Faith Exceptions available under applicable statutes, both federal and state.

**FIRST AMENDED RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES**

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing)

27.  The Claims for Relief, and all of them, are barred by the Plaintiff's lack of standing under applicable statutes, both federal and state.

## FIFTH AFFIRMATIVE DEFENSE

(Ordinary Course of Business)

28.  To the extent that the alleged transfers were made for debts incurred and paid by the Debtors in the ordinary course of business or financial affairs between the Debtors and Eclipse and (i) made in the ordinary course of business or financial affairs of the Debtors and Eclipse or (ii) made according to ordinary business terms, under 11 U.S.C. § 547(c)(2) the alleged transfers are not recoverable by the Plaintiff as an avoidable preference.

## SIXTH AFFIRMATIVE DEFENSE

(Solvency of Debtors)

29.  The Debtors were solvent at the time of the alleged transfer.

## SEVENTH AFFIRMATIVE DEFENSE

(New Value Extended)

30.  To the extent that Eclipse gave new value to or for Debtors' benefit not secured by an otherwise unavoidable security interest pursuant to section 11 U.S.C. § 547(c)(4), the new value that Eclipse gave Debtors is sufficient to diminish and/or eliminate any recovery to which the Plaintiff alleges it is entitled in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Contemporaneous Exchange for New Value)

31.  To the extent that the alleged transfers were intended by Debtors and Eclipse to be a contemporaneous exchange for new value given to Debtors and, in fact, were substantially contemporaneous exchanges, under 11 U.S.C. § 547(c)(1) the alleged transfers or portions thereof, are not recoverable by the Plaintiff as an avoidable preference.

## NINTH AFFIRMATIVE DEFENSE

(Funds Were Earmarked and Are Not Part of the Debtor's Estate)

CLARKSON, GORE & MARSELLA, APLC
Attorneys At Law
Torrance, California

32. The alleged transfers are funds advanced by a third party to Debtor subject to an agreement requiring the Debtor to use the funds to pay Eclipse, Inc. Therefore, these funds are not part of the Debtor's estate and are not recoverable as an avoidable preference.

## TENTH AFFIRMATIVE DEFENSE

(Reservation to Assert Additional Defenses)

33. Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, the Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by its Complaint;
2. For reasonable attorney's fees;
3. For costs of suit incurred herein; and
4. For such other relief as the court deems just and proper.

DATED: February 19, 2010

CLARKSON, GORE & MARSELLA
A PROFESSIONAL LAW CORPORATION

By: /s/ Scott C. Clarkson
SCOTT C. CLARKSON
EVE A. MARSELLA
Attorneys for Defendant Eclipse Heathcare Consulting, Inc.

FIRST AMENDED RESPONSE TO COMPLAINT AND AFFIRMATIVE DEFENSES

| In re:<br>AXIUM INTERNATIONAL, INC | Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 2:08-bk-10277 –BB<br>ADV. NUMBER:  2:09-ap-02912-BB |
|---|---|---|

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3424 Carson Street, Suite 350, Torrance, CA  90503

A true and correct copy of the foregoing document described **FIRST AMENDED RESPONSE TO COMPLAINT AND AFIRMATIVE DEFENSES FILED BY DEFENDANT ECLIPSE HEALTHCARE CONSULTING, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 19, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

### Attorney for Plaintiff
Lisa N Nobles      lnobles@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
Daniel A. Lev      dlev@sulmeyerlaw.com
Steven F. Werth    swerth@sulmeyerlaw.com

### Trustee
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☒                                              Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **February 19, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with ~~an overnight mail service~~ addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

### Plaintiff
Howard M Ehrenberg Esq.
SulmeyerKupetz
333 S. Hope Street, 35th Floor
Los Angeles, CA  90071

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 9013-3.1

| In re:<br>AXIUM INTERNATIONAL, INC<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NUMBER: 2:08-bk-10277 –BB<br>ADV. NUMBER:   2:09-ap-02912-BB |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

February 19, 2010    Brenda L. Campos
_Date_          _Type Name_          _Signature_

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") (Cont'd)**

**Chapter 7 Trustee**
Howard M Ehrenberg    ehrenbergtrustee@sulmeyerlaw.com,
ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com

**SERVED BY U.S. MAIL**
**Judge**
Honorable Sheri Bluebond
255 East Temple Street, Suite 1482
Los Angeles, CA  90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                        F 9013-3.1